1   **SEDGWICK LLP**
    Michael Healy (Bar No.95098)
2   michael.healy@sedgwicklaw.com
    Wayne Wolff (Bar No.161351)
3   wayne.wolff@sedgwicklaw.com
    333 Bush Street, 30th Floor
4   San Francisco, CA 94104-2834
    Telephone:    415.781.7900
5   Facsimile:    415.781.2635

6   Attorneys for Defendant
    FERRING PHARMACEUTICALS, INC.
7

8                  **UNITED STATES DISTRICT COURT**

9        **EASTERN DISTRICT OF CALIFORNIA, FRESNO DIVISION**

10

11  LINDA GAY WHEAT,                        | **CASE NO.**

12          Plaintiff,                      | **NOTICE OF REMOVAL OF ACTION BY DEFENDANT FERRING**
13      v.                                  | **PHARMACEUTICALS, INC.**

14  FERRING PHARMACEUTICALS, INC.,          | **DEMAND FOR JURY TRIAL**
    KENNY MAI, M.D. and DOES 1 TO 100
15  INCLUSIVE,

16          Defendant.

17

18  **TO THE CLERK OF THE COURT:**

19      **PLEASE TAKE NOTICE** that Defendant Ferring Pharmaceuticals, Inc ("Ferring")

20  hereby removes to this Court the action described below:

21                    **PROCEDURAL HISTORY**

22      1.      On or about October 24, 2014, an action was commenced in the Superior Court of

23  the State of California, County of Kings, entitled *Linda Gay Wheat v. Ferring Pharmaceuticals,*

24  *Inc. Kenny Mai, M.D., and Does 1 to 100 inclusive*, Superior Court Case No. 14-C0274.  A true

25  and correct copy of the Complaint is attached hereto as **Exhibit A**.

26      2.      Defendant Ferring first received notice of this action on April 8, 2015, when it

27  was served with a copy of the Complaint, together with a Summons.  True and correct copy of

28  the Summons to Ferring is attached hereto as **Exhibit B**.

20126434v1

                                -1-                              Case No.:
                          **NOTICE OF REMOVAL**

### NATURE OF THE ACTION

3.     This action arises from plaintiff Linda Gay Wheat's use of a prescription medication, Euflexxa®, on or about October 26, 2012, which was manufactured and sold by Ferring, and which allegedly caused her injury and damages.   Euflexxa® is an injectable medication indicated for the treatment of pain in osteoarthritis of the knee.  Plaintiff has also sued her prescribing physician, Kenny Mai, M.D.

4.     Plaintiffs' Complaint asserts a single cause of action for products liability, with separate counts stated therein for strict products liability, negligence and breach of express and implied warranty.  Plaintiffs' Complaint also alleges this same products liability cause of action and separate counts against Kenny Mai, M.D.

### NOTICE OF REMOVAL IS TIMELY

5.     This Notice of Removal is timely because it is filed within one year of the commencement of this Action and within thirty (30) days after receipt by Ferring of the Summons and Complaint.  See 28 U.S.C. Section 1446(b).

### PARTIES

6.     Defendant Ferring is informed and believes that plaintiff Linda Gay Wheat is now, and was at the time of filing of the Complaint, and at all intervening times, a citizen of and resident within the State of California.

7.     Defendant Ferring is now, and was at the time of the filing of the Complaint, and at all intervening times, a corporation organized and existing under the laws of the State of Delaware, with its principal place of business in the State of New Jersey.

8.     The residency and citizenship of defendant Kenny Mai, M.D. is irrelevant as he has been fraudulently joined in this case.  Fraudulently joined defendants will not defeat removal on diversity grounds.  *See Emrich v. Touche Ross & Co.*, 846 F.2d 1190, 1193 & n. 1 (9th Cir.1988).

### JURISDICTION

9.     The United States District Court has subject matter jurisdiction and removal jurisdiction over this action pursuant to 28 U.S.C. §§ 1332(a)(1) and 1441(a), since the action

Case No.:

20126434v1

Sedgwick

1    sought to be removed is between citizens of different states in which the matter in controversy

2    exceeds the sum or value of $75,000.00, exclusive of interest and costs.

3        10.    Plaintiff is a resident of California and Ferring is a resident of New Jersey. The

4    citizenship of the remaining named defendant Kenny Mai, M.D., is irrelevant to the

5    determination of subject matter jurisdiction as this party has been fraudulently joined. For the

6    purposes of removal on the basis of diversity of citizenship, the citizenship of defendants sued

7    under fictitious names is disregarded (28 U.S.C. § 1441(a)).

8        11.    Pursuant to 28. U.S.C. § 1446(c)(2)(B), removal is proper if the court finds, by a

9    preponderance of the evidence, that the amount in controversy exceeds $75,000, exclusive of

10   interest and costs. 28 U.S.C. § 1441(c)(2); *Rothschild Trust v. Morgan Stanley Dean Witter*, 199

11   F.Supp.2d 993, 1001 (C.D. Cal. 2002) (*citing Singer v. State Farm Mutual Automobile Ins. Co.*,

12   116 F. 3d 373, 376 (9th Cir. 1997); *Gaus v. Miles, Inc.*, 980 F.2d 564, 567 (9th Cir. 1992). A

13   removing defendant need only show that the amount in controversy "more likely than not"

14   exceeds the jurisdictional amount of $75,000. *Sanchez v. Monumental Life Ins. Co.*, 102 F.3d

15   398, 404 (9th Cir. 1996).

16       12.    In accordance with California Code of Civil Procedure Section 425.10, the

17   amount of damages is not pled in Plaintiff's Complaint, but such damages are more likely than

18   not in excess of the jurisdictional limits of this Court based on the nature of the injuries and

19   damages alleged. When the amount in controversy is not clearly specified in the complaint, the

20   court may consider facts in the complaint as well as in the removal petition. *See Simmons v.*

21   *PCR Tech.*, 209 F. Supp. 2d 1029, 1031 (N.D. Cal. 2002); *Singer v. State Farm Mut. Auto. Ins.*

22   *Co.*, 116 F.3d 373, 377 (9th Cir. 1997).

23       13.    Although Ferring denies any liability to Plaintiff, it is facially evident from

24   Plaintiff's Complaint that the amount in controversy exceeds $75,000. Plaintiff Linda Gay

25   Wheat alleges that she received injections of Euflexxa® on or about October 26, 2012, for the

26   treatment of osteoarthritis of the knee. As a result of the allegedly defective medication, plaintiff

27   alleges general and special damages consisting of (1) personal injuries, (2) pain, suffering and

28   discomfort, (3) emotional distress, (4) medical expenses, and (5) past and future loss of earnings

Sedgwick

20126434v1

-3-        Case No.:

**NOTICE OF REMOVAL**

1   and earning capacity.  Additionally, Ferring is informed and believes Plaintiff is alleging that as

2   a result of her use of the allegedly defective medication she will have to undergo further surgery

3   to treat her alleged condition.  All of this supports a reasonable estimate that the damages sought

4   are over $75,000.

5        14.     Venue for this action is proper in this Court under 28 U.S.C. § 1441(a) because

6   the Eastern District of California, Fresno Division, is the "district and division embracing the

7   place where such action is pending."  *See 28 U.S.C. § 84(a).*

8                  **FRAUDULENTLY JOINED DEFENDANTS**

9        15.     While the Court normally relies upon the face of the complaint to determine

10  whether diversity of citizenship is present, an exception exists where a defendant has been

11  fraudulently joined.  A fraudulently joined defendant is a resident defendant against whom the

12  plaintiff fails to state a cause of action.  In such cases the removing defendant is entitled to

13  present facts and submit evidence establishing the joinder is fraudulent.  *Ritchey v. Upjohn Drug*

14  *Co.*, 139 F.3d 1313, 1318 (9th Cir. 1998).  Here, defendant Kenny Mai, M.D. is fraudulently

15  joined in this action.

16       16.     Defendant Kenny Mai, M.D., is fraudulently joined because plaintiff's products

17  liability cause of action against him for strict products liability, negligence (in the design,

18  manufacture, and distribution of the prosthesis) and breach of warranty are barred under

19  California substantive law.  Under California law, a health care provider such as a prescribing

20  physician is not deemed to be a seller of goods, but rather a provider of services.  Accordingly, a

21  products liability cause of action against a health care provider like Dr. Mai is improper and

22  clearly barred under well-established California precedent. See *Murphy v. E.R. Squibb & Sons,*

23  *Inc.*, 40 Cal.3d 672, 681 (1985) (pharmacy not subject to strict liability for selling an allegedly

24  defective prescription drug); *Hector v. Cedars-Sinai Med. Center*, 180 Cal.App.3d 493, 507-08

25  (1986) (hospital was not engaged in the business of selling pacemakers but rather a provider of

26  medical services; consequently it could not be subject to strict liability for alleged defects in a

27  pacemaker); *Silverhart v. Mount Zion Hosp.*, 20 Cal.App.3d. 1022, 1028 (1971) (hospital was

28  not subject to strict liability principles for a surgical needle which broke during plaintiff's

Sedgwick

20126434v1

1  surgery because it was not a seller engaged in the business of selling needles, but a user of

2  needles).  Accordingly, plaintiff's products liability cause of action against Dr. Mai, and each

3  count stated therein for strict liability, negligence and breach of warranty are barred. Dr. Mai did

4  not design, manufacture or sell the subject prescription medication, and any assertion he is

5  negligent merely because he was allegedly in the chain of distribution of the medication in his

6  role as a prescribing physician is misplaced and barred under the above authorities.

## STATE COURT PLEADINGS

8        In accordance with 28 U.S.C. §1446(a), Defendant attached, in addition to the Summons

9  and Complaint, copies of the following pleadings, process and orders served upon them:

10              Civil Case Cover Sheet (**Exhibit C**); and

11              Ferring's Answer to Plaintiff's Complaint filed on May 7, 2014 (**Exhibit D**);

12        Pursuant to 28 U.S.C. §1446(d), a copy of this Notice of Removal will be filed with the

13  Clerk of the Superior Court of the State of California, County of Kings.

14        Pursuant to 28 U.S.C. § 1446(d), Defendant is providing written notice of this Removal

15  by serving plaintiffs' counsel of record with a complete copy thereof.

16        Defendant reserves the right to amend or supplement this Notice of Removal.

17        **WHEREFORE**, Defendant Ferring hereby removes the action now pending in the

18  Superior Court of the State of California, County of Kings, Case No. 14-C0274 to this Honorable

19  Court.

## DEMAND FOR JURY TRIAL

21        Defendant Ferring Pharmaceuticals, Inc. hereby demands a trial by jury in this action.

22  DATED:  May 6, 2015                    SEDGWICK LLP

23

24                                        By: Wayne a. Wolff

25                                        Wayne A. Wolff
                                          Attorneys for Defendant
26                                        FERRING PHARMACEUTICALS, INC.

27

28

20126434v1

-5-                                       Case No.:

**NOTICE OF REMOVAL**

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# EXHIBIT A

Sedgwick

PLD-PI-001

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):* | FOR COURT USE ONLY |
|---|---|

ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):*
Jay M. Kelly, Esq.-#272061
QUINLAN, KERSHAW & FANUCCHI, LLP
2125 Merced Street
Fresno, CA 93721

TELEPHONE NO: (559) 268-8771   FAX NO. *(Optional):* (559) 268-5701
E-MAIL ADDRESS *(Optional):*
ATTORNEY FOR *(Name):* Plaintiff, Linda Gay Wheat

SUPERIOR COURT OF CALIFORNIA, COUNTY OF Kings
STREET ADDRESS: 1426 South Drive
MAILING ADDRESS: Hanford, CA 93230
CITY AND ZIP CODE:
BRANCH NAME: Unlimited Civil Department

PLAINTIFF: LINDA GAY WHEAT

DEFENDANT: FERRING PHARMACEUTICALS, INC., KENNY MAI, M.D., and

[x] DOES 1 TO  100, INCLUSIVE

*(court stamp, partially legible)*
CONFORMED COPY
ORIGINAL FILED ON
OCT 14 2014
JEFFREY E. LEWIS, CLERK OF COURT
SUPERIOR COURT OF THE STATE OF CALIFORNIA
COUNTY OF KINGS

**COMPLAINT—Personal Injury, Property Damage, Wrongful Death**
[ ] AMENDED *(Number):*
Type *(check all that apply):*
[ ] MOTOR VEHICLE      [x] OTHER *(specify):* Product Liability
[ ] Property Damage    [ ] Wrongful Death
[ ] Personal Injury    [ ] Other Damages *(specify):*

| Jurisdiction *(check all that apply):* | CASE NUMBER: |
|---|---|
| [ ] ACTION IS A LIMITED CIVIL CASE<br>Amount demanded [ ] does not exceed $10,000<br> [ ] exceeds $10,000, but does not exceed $25,000<br>[x] ACTION IS AN UNLIMITED CIVIL CASE (exceeds $25,000)<br>[ ] ACTION IS RECLASSIFIED by this amended complaint<br> [ ] from limited to unlimited<br> [ ] from unlimited to limited | 14 C0274 |

1. **Plaintiff** *(name or names):* LINDA GAY WHEAT

   alleges causes of action against **defendant** *(name or names):* FERRING PHARMACEUTICALS, INC., KENNY MAI, M.D., DOES 1 TO 100, INCLUSIVE

2. This pleading, including attachments and exhibits, consists of the following number of pages: 4
3. Each plaintiff named above is a competent adult
   a. [ ] except plaintiff *(name):*
      (1) [ ] a corporation qualified to do business in California
      (2) [ ] an unincorporated entity *(describe):*
      (3) [ ] a public entity *(describe):*
      (4) [ ] a minor [ ] an adult
         (a) [ ] for whom a guardian or conservator of the estate or a guardian ad litem has been appointed
         (b) [ ] other *(specify):*
      (5) [ ] other *(specify):*

   b. [ ] except plaintiff *(name):*
      (1) [ ] a corporation qualified to do business in California
      (2) [ ] an unincorporated entity *(describe):*
      (3) [ ] a public entity *(describe):*
      (4) [ ] a minor [ ] an adult
         (a) [ ] for whom a guardian or conservator of the estate or a guardian ad litem has been appointed
         (b) [ ] other *(specify):*
      (5) [ ] other *(specify):*

   [ ] Information about additional plaintiffs who are not competent adults is shown in Attachment 3.

Form Approved for Optional Use
Judicial Council of California
PLD-PI-001 [Rev. January 1, 2007]

**COMPLAINT—Personal Injury, Property
Damage, Wrongful Death**

Legal
Solutions
& Plus

Code of Civil Procedure, § 425.12

FILED BY FAX

PLD-PI-001

| SHORT TITLE: LINDA GAY WHEAT v. FERRING PHARMACEUTICALS, INC., KENNY MAI, M.D., Does 1-100, Inclusive | CASE NUMBER: |
|---|---|

4. ☐ Plaintiff *(name):*

   is doing business under the fictitious name *(specify):*

   and has complied with the fictitious business name laws.

5. Each defendant named above is a natural person
   
   a. ☒ except defendant *(name):* Ferring Phamaceuticals, Inc.
   
   c. ☐ except defendant *(name):*

   (1) ☐ a business organization, form unknown
   (2) ☒ a corporation
   (3) ☐ an unincorporated entity *(describe):*

   (4) ☐ a public entity *(describe):*

   (5) ☐ other *(specify):*

   (1) ☐ a business organization, form unknown
   (2) ☐ a corporation
   (3) ☐ an unincorporated entity *(describe):*

   (4) ☐ a public entity *(describe):*

   (5) ☐ other *(specify):*

   b. ☐ except defendant *(name):*
   
   d. ☐ except defendant *(name):*

   (1) ☐ a business organization, form unknown
   (2) ☐ a corporation
   (3) ☐ an unincorporated entity *(describe):*

   (4) ☐ a public entity *(describe):*

   (5) ☐ other *(specify):*

   (1) ☐ a business organization, form unknown
   (2) ☐ a corporation
   (3) ☐ an unincorporated entity *(describe):*

   (4) ☐ a public entity *(describe):*

   (5) ☐ other *(specify):*

   ☐ Information about additional defendants who are not natural persons is contained in Attachment 5.

6. The true names of defendants sued as Does are unknown to plaintiff.
   
   a. ☒ Doe defendants *(specify Doe numbers):* 1 to 49 _____ were the agents or employees of other named defendants and acted within the scope of that agency or employment.
   
   b. ☒ Doe defendants *(specify Doe numbers):* 50 to 100 _____ are persons whose capacities are unknown to plaintiff.

7. ☐ Defendants who are joined under Code of Civil Procedure section 382 are *(names):*

8. This court is the proper court because
   
   a. ☐ at least one defendant now resides in its jurisdictional area.
   b. ☐ the principal place of business of a defendant corporation or unincorporated association is in its jurisdictional area.
   c. ☒ injury to person or damage to personal property occurred in its jurisdictional area.
   d. ☐ other *(specify):*

9. ☐ Plaintiff is required to comply with a claims statute, and
   
   a. ☐ has complied with applicable claims statutes, or
   b. ☐ is excused from complying because *(specify):*

**COMPLAINT—Personal Injury, Property Damage, Wrongful Death**

PLD-PI-001

| SHORT TITLE: LINDA GAY WHEAT v. FERRING PHARMACEUTICALS, INC., KENNY MAI, M.D., Does 1-100, Inclusive | CASE NUMBER: |
|---|---|

10. The following causes of action are attached and the statements above apply to each *(each complaint must have one or more causes of action attached):*
   a. [ ] Motor Vehicle
   b. [ ] General Negligence
   c. [ ] Intentional Tort
   d. [X] Products Liability
   e. [ ] Premises Liability
   f. [ ] Other *(specify):*

11. Plaintiff has suffered
   a. [X] wage loss
   b. [ ] loss of use of property
   c. [X] hospital and medical expenses
   d. [X] general damage
   e. [ ] property damage
   f. [X] loss of earning capacity
   g. [ ] other damage *(specify):*

12. [ ] The damages claimed for wrongful death and the relationships of plaintiff to the deceased are
   a. [ ] listed in Attachment 12.
   b. [ ] as follows:

13. The relief sought in this complaint is within the jurisdiction of this court.

14. **Plaintiff prays** for judgment for costs of suit; for such relief as is fair, just, and equitable; and for
   a. (1) [X] compensatory damages
      (2) [ ] punitive damages
      The amount of damages is *(in cases for personal injury or wrongful death, you must check (1)):*
      (1) [X] according to proof
      (2) [ ] in the amount of: $

15. [X] The paragraphs of this complaint alleged on information and belief are as follows *(specify paragraph numbers):*
   Prod.L-1; Prod.L-2;Prod.L-3; Prod.L-4; Prod.L-5; Prod.L-6

Date: October 2⅟2013

Jay M. Kelly, Esq.
(TYPE OR PRINT NAME)

▶ _____
(SIGNATURE OF PLAINTIFF OR ATTORNEY)

PLD-PI-001 [Rev. January 1, 2007]

**COMPLAINT—Personal Injury, Property Damage, Wrongful Death**

Page 3 of 3

PLD-PI-001(5)

| SHORT TITLE:  WHEAT vs. FERRING PHARMACEUTICALS, INC. | CASE NUMBER: |
|---|---|

<u>FIRST</u> _____ **CAUSE OF ACTION—Products Liability**   Page ____4____
　(number)

ATTACHMENT TO  [ x ] Complaint  [ ] Cross-Complaint
*(Use a separate cause of action form for each cause of action.)*

Plaintiff *(name)*:  LINDA GAY WHEAT

Prod. L-1. On or about *(date)*:  October 26, 2012           plaintiff was injured by the following product:
　　　　Euflexxa

Prod. L-2. Each of the defendants knew the product would be purchased and used without inspection for defects.
　　　　The product was defective when it left the control of each defendant.  The product at the time of injury
　　　　was being
　　　　[ x ]  used in the manner intended by the defendants.
　　　　[ ]  used in a manner that was reasonably foreseeable by defendants as involving a substantial danger not
　　　　　　readily apparent.  Adequate warnings of the danger were not given.

Prod. L-3. Plaintiff was a
　　　　[ x ]  purchaser of the product.　　　　　　　　[ x ]  user of the product.
　　　　[ ]  bystander to the use of the product.　　　　[ ]  other *(specify)*:

PLAINTIFF'S INJURY WAS THE LEGAL (PROXIMATE) RESULT OF THE FOLLOWING:
Prod. L-4. [ x ] **Count One—Strict liability** of the following defendants who
　　　　a. [ x ]  manufactured or assembled the product *(names)*:  Ferring Pharmaceuticals, Inc.; Kenny Mai, M.D.
　　　　　　and

　　　　　　　　[ x ] Does 1 _____ to 5 _____  and 51-55
　　　　b. [ x ]  designed and manufactured component parts supplied to the manufacturer *(names)*:
　　　　　　Ferring Pharmaceuticals, Inc.; Kenny Mai, M.D. and

　　　　　　　　[ x ] Does 6 _____  to 10 _____  and 56-60
　　　　c. [ x ]  sold the product to the public *(names)*:Ferring Pharmaceuticals, Inc.; Kenny Mai, M.D. and

　　　　　　　　[ x ] Does 11 _____ to 15 _____  and 61-65
Prod. L-5. [ x ] **Count Two—Negligence** of the following defendants who owed a duty to plaintiff *(names)*:
　　　　Ferring Pharmaceuticals, Inc.; Kenny Mai, M.D. and

　　　　　　　　[ x ] Does 16 _____ to 20 _____  and 66-70
Prod. L-6. [ x ] **Count Three—Breach of warranty** by the following defendants *(names)*:  Ferring Pharmaceuticals, Inc.,
　　　　Kenny Mai, M.D. and
　　　　　　　　[ x ] Does 21 _____ to 25 _____  and 71-75
　　　　a. [ x ]  who breached an implied warranty
　　　　b. [ x ]  who breached an express warranty which was
　　　　　　[ x ] written  [ ] oral
Prod. L-7. [ ]  The defendants who are liable to plaintiffs for other reasons and the reasons for the liability are
　　　　[ ] listed in Attachment-Prod. L-7  [ ] as follows:

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# EXHIBIT B

Sedgwick

# SUMMONS
## (CITACION JUDICIAL)

**SUM-100**

**NOTICE TO DEFENDANT:** FERRING PHARMACEUTICALS, INC.,
*(AVISO AL DEMANDADO):* KENNY MAI, M.D., DOES 1 TO 100,
INCLUSIVE



FOR COURT USE ONLY
*(SOLO PARA USO DE LA CORTE)*

CONFORMED COPY
ORIGINAL FILED ON
OCT 24 2014
JEFFREY L. LEWIS, CLERK OF COURT
SUPERIOR COURT OF THE STATE OF CALIFORNIA
COUNTY OF KINGS
DEPUTY

**YOU ARE BEING SUED BY PLAINTIFF:** LINDA GAY WHEAT
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association. **NOTE:** The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

| The name and address of the court is: *(El nombre y dirección de la corte es):* | CASE NUMBER: *(Número del Caso):* |
|---|---|
| Kings County Superior Court<br>1426 South Drive<br>Hanford, CA 93230 | 14 C0274 |

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Jay M. Kelly, Esq.          (559) 268-8771          (559) 268-5701
QUINLAN, KERSHAW & FANUCCHI, LLP
2125 Merced Street
Fresno, CA 93721

DATE: OCT 24 2014           JEFFREY E. LEWIS        Clerk, by ___ SUSANA G. CHAVARRIA Deputy
*(Fecha)*          *(Secretario)*          *(Adjunto)*

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010)).*

**NOTICE TO THE PERSON SERVED:** You are served

[SEAL] COURT SEAL

1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*
3. ☐ on behalf of *(specify):*

   under: ☐ CCP 416.10 (corporation)          ☐ CCP 416.60 (minor)
   ☐ CCP 416.20 (defunct corporation)          ☐ CCP 416.70 (conservatee)
   ☐ CCP 416.40 (association or partnership)          ☐ CCP 416.90 (authorized person)
   ☐ other *(specify):*
4. ☐ by personal delivery on *(date):*

Page 1 of 1

| Form Adopted for Mandatory Use<br>Judicial Council of California<br>SUM-100 [Rev. July 1, 2009] | **SUMMONS** | Legal Solutions Plus | Code of Civil Procedure §§ 412.20, 465 |

FILED BY FAX

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# EXHIBIT C

CM-010

| ATTORNEY OR PARTY WITHOUT ATTORNEY (Name, State Bar number, and address): | FOR COURT USE ONLY |
|---|---|

Jay M. Kelly, Esq. -#272061
QUINLAN, KERSHAW & FANUCCHI, LLP
2125 Merced Street
Fresno, CA 93721

TELEPHONE NO.: (559) 268-8771     FAX NO.: (559) 268-5701
ATTORNEY FOR (Name): Plaintiff, Linda Gay Wheat

SUPERIOR COURT OF CALIFORNIA, COUNTY OF Kings
STREET ADDRESS: 1426 South Drive
MAILING ADDRESS: Hanford, CA 93230
CITY AND ZIP CODE:
BRANCH NAME: Unlimited Civil Department

CASE NAME: LINDA GAY WHEAT v. FERRING PHARMACEUTICALS, INC., KENNY MAI, M.D., Does 1-100, Inclusive

CONFORMED COPY
ORIGINAL FILED ON
OCT 24 2014
JEFFREY E. U..., CLERK OF COURT
SUPERIOR COURT OF THE STATE OF CALIFORNIA
COUNTY OF KINGS
_____ DEPUTY

| CIVIL CASE COVER SHEET | | Complex Case Designation | CASE NUMBER: |
|---|---|---|---|
| [X] Unlimited (Amount demanded exceeds $25,000) | [ ] Limited (Amount demanded is $25,000 or less) | [ ] Counter  [ ] Joinder  Filed with first appearance by defendant (Cal. Rules of Court, rule 3.402) | 14 C0274  JUDGE:  DEPT: |

Items 1-6 below must be completed (see instructions on page 2).

1. Check **one** box below for the case type that best describes this case:

| Auto Tort | Contract | Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400-3.403) |
|---|---|---|
| [ ] Auto (22) | [ ] Breach of contract/warranty (06) | [ ] Antitrust/Trade regulation (03) |
| [ ] Uninsured motorist (46) | [ ] Rule 3.740 collections (09) | [ ] Construction defect (10) |
| Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort | [ ] Other collections (09) | [ ] Mass tort (40) |
| [ ] Asbestos (04) | [ ] Insurance coverage (18) | [ ] Securities litigation (28) |
| [X] Product liability (24) | [ ] Other contract (37) | [ ] Environmental/Toxic tort (30) |
| [ ] Medical malpractice (45) | Real Property | [ ] Insurance coverage claims arising from the above listed provisionally complex case types (41) |
| [ ] Other PI/PD/WD (23) | [ ] Eminent domain/Inverse condemnation (14) | |
| Non-PI/PD/WD (Other) Tort | [ ] Wrongful eviction (33) | Enforcement of Judgment |
| [ ] Business tort/unfair business practice (07) | [ ] Other real property (26) | [ ] Enforcement of judgment (20) |
| [ ] Civil rights (08) | Unlawful Detainer | Miscellaneous Civil Complaint |
| [ ] Defamation (13) | [ ] Commercial (31) | [ ] RICO (27) |
| [ ] Fraud (16) | [ ] Residential (32) | [ ] Other complaint (not specified above) (42) |
| [ ] Intellectual property (19) | [ ] Drugs (38) | Miscellaneous Civil Petition |
| [ ] Professional negligence (25) | Judicial Review | [ ] Partnership and corporate governance (21) |
| [ ] Other non-PI/PD/WD tort (35) | [ ] Asset forfeiture (05) | [ ] Other petition (not specified above) (43) |
| Employment | [ ] Petition re: arbitration award (11) | |
| [ ] Wrongful termination (36) | [ ] Writ of mandate (02) | |
| [ ] Other employment (15) | [ ] Other judicial review (39) | |

2. This case [ ] is  [X] is not  complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. [ ] Large number of separately represented parties
   b. [ ] Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve
   c. [ ] Substantial amount of documentary evidence
   d. [ ] Large number of witnesses
   e. [ ] Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
   f. [ ] Substantial postjudgment judicial supervision

3. Remedies sought (check all that apply): a. [X] monetary  b. [ ] nonmonetary; declaratory or injunctive relief  c. [ ] punitive

4. Number of causes of action (specify): One

5. This case [ ] is  [X] is not  a class action suit.

6. If there are any known related cases, file and serve a notice of related case. (You may use form CM-015.)

Date: October 24 2013

Jay M. Kelly, Esq.
(TYPE OR PRINT NAME)                                    (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

| Form Adopted for Mandatory Use Judicial Council of California CM-010 [Rev. July 1, 2007] | **CIVIL CASE COVER SHEET** | Legal Solutions Plus | Cal. Rules of Court, rules 2.30, 3.220, 3.400-3.403, 3.740; Cal. Standards of Judicial Administration, std. 3.10 |
|---|---|---|---|

FILED BY FAX

**CM-010**

## INSTRUCTIONS ON HOW TO COMPLETE THE COVER SHEET

**To Plaintiffs and Others Filing First Papers.** If you are filing a first paper (for example, a complaint) in a civil case, you **must** complete and file, along with your first paper, the *Civil Case Cover Sheet* contained on page 1. This information will be used to compile statistics about the types and numbers of cases filed. You must complete items 1 through 6 on the sheet. In item 1, you must check **one** box for the case type that best describes the case. If the case fits both a general and a more specific type of case listed in item 1, check the more specific one. If the case has multiple causes of action, check the box that best indicates the **primary** cause of action. To assist you in completing the sheet, examples of the cases that belong under each case type in item 1 are provided below. A cover sheet must be filed only with your initial paper. Failure to file a cover sheet with the first paper filed in a civil case may subject a party, its counsel, or both to sanctions under rules 2.30 and 3.220 of the California Rules of Court.

**To Parties in Rule 3.740 Collections Cases.** A "collections case" under rule 3.740 is defined as an action for recovery of money owed in a sum stated to be certain that is not more than $25,000, exclusive of interest and attorney's fees, arising from a transaction in which property, services, or money was acquired on credit. A collections case does not include an action seeking the following: (1) tort damages, (2) punitive damages, (3) recovery of real property, (4) recovery of personal property, or (5) a prejudgment writ of attachment. The identification of a case as a rule 3.740 collections case on this form means that it will be exempt from the general time-for-service requirements and case management rules, unless a defendant files a responsive pleading. A rule 3.740 collections case will be subject to the requirements for service and obtaining a judgment in rule 3.740.

**To Parties in Complex Cases.** In complex cases only, parties must also use the *Civil Case Cover Sheet* to designate whether the case is complex. If a plaintiff believes the case is complex under rule 3.400 of the California Rules of Court, this must be indicated by completing the appropriate boxes in items 1 and 2. If a plaintiff designates a case as complex, the cover sheet must be served with the complaint on all parties to the action. A defendant may file and serve no later than the time of its first appearance a joinder in the plaintiff's designation, a counter-designation that the case is not complex, or, if the plaintiff has made no designation, a designation that the case is complex.

### CASE TYPES AND EXAMPLES

**Auto Tort**
Auto (22)—Personal Injury/Property
  Damage/Wrongful Death
Uninsured Motorist (46) *(if the case involves an uninsured motorist claim subject to arbitration, check this item instead of Auto)*
**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
Asbestos (04)
  Asbestos Property Damage
  Asbestos Personal Injury/
    Wrongful Death
Product Liability *(not asbestos or toxic/environmental)* (24)
Medical Malpractice (45)
  Medical Malpractice—
    Physicians & Surgeons
  Other Professional Health Care
    Malpractice
Other PI/PD/WD (23)
  Premises Liability (e.g., slip
    and fall)
  Intentional Bodily Injury/PD/WD
    (e.g., assault, vandalism)
  Intentional Infliction of
    Emotional Distress
  Negligent Infliction of
    Emotional Distress
  Other PI/PD/WD
**Non-PI/PD/WD (Other) Tort**
Business Tort/Unfair Business
  Practice (07)
Civil Rights (e.g., discrimination,
  false arrest) *(not civil harassment)* (08)
Defamation (e.g., slander, libel)
  (13)
Fraud (16)
Intellectual Property (19)
Professional Negligence (25)
  Legal Malpractice
  Other Professional Malpractice
    *(not medical or legal)*
Other Non-PI/PD/WD Tort (35)
**Employment**
Wrongful Termination (36)
Other Employment (15)

**Contract**
Breach of Contract/Warranty (06)
  Breach of Rental/Lease
    Contract *(not unlawful detainer
    or wrongful eviction)*
  Contract/Warranty Breach–Seller
    Plaintiff *(not fraud or negligence)*
  Negligent Breach of Contract/
    Warranty
  Other Breach of Contract/Warranty
Collections (e.g., money owed, open
  book accounts) (09)
  Collection Case–Seller Plaintiff
  Other Promissory Note/Collections
    Case
Insurance Coverage *(not provisionally
  complex)* (18)
  Auto Subrogation
  Other Coverage
Other Contract (37)
  Contractual Fraud
  Other Contract Dispute
**Real Property**
Eminent Domain/Inverse
  Condemnation (14)
Wrongful Eviction (33)
Other Real Property (e.g., quiet title) (26)
  Writ of Possession of Real Property
  Mortgage Foreclosure
  Quiet Title
  Other Real Property *(not eminent
    domain, landlord/tenant, or
    foreclosure)*
**Unlawful Detainer**
Commercial (31)
Residential (32)
Drugs (38) *(if the case involves illegal
  drugs, check this item; otherwise,
  report as Commercial or Residential)*
**Judicial Review**
Asset Forfeiture (05)
Petition Re: Arbitration Award (11)
Writ of Mandate (02)
  Writ–Administrative Mandamus
  Writ–Mandamus on Limited Court
    Case Matter
  Writ–Other Limited Court Case
    Review
Other Judicial Review (39)
  Review of Health Officer Order
  Notice of Appeal–Labor
    Commissioner Appeals

**Provisionally Complex Civil Litigation (Cal. Rules of Court Rules 3.400–3.403)**
Antitrust/Trade Regulation (03)
Construction Defect (10)
Claims Involving Mass Tort (40)
Securities Litigation (28)
Environmental/Toxic Tort (30)
Insurance Coverage Claims
  *(arising from provisionally complex
  case type listed above)* (41)
**Enforcement of Judgment**
Enforcement of Judgment (20)
  Abstract of Judgment (Out of
    County)
  Confession of Judgment *(non-
    domestic relations)*
  Sister State Judgment
  Administrative Agency Award
    *(not unpaid taxes)*
  Petition/Certification of Entry of
    Judgment on Unpaid Taxes
  Other Enforcement of Judgment
    Case
**Miscellaneous Civil Complaint**
RICO (27)
Other Complaint *(not specified
  above)* (42)
  Declaratory Relief Only
  Injunctive Relief Only *(non-
    harassment)*
  Mechanics Lien
  Other Commercial Complaint
    Case *(non-tort/non-complex)*
  Other Civil Complaint
    *(non-tort/non-complex)*
**Miscellaneous Civil Petition**
Partnership and Corporate
  Governance (21)
Other Petition *(not specified
  above)* (43)
  Civil Harassment
  Workplace Violence
  Elder/Dependent Adult
    Abuse
  Election Contest
  Petition for Name Change
  Petition for Relief From Late
    Claim
  Other Civil Petition

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

# EXHIBIT D

Sedgwick



| | |
|---|---|
| **SEDGWICK LLP** | **CONFORMED COPY** |
| Michael Healy (Bar No.95098) | **ORIGINAL FILED ON** |
| michael.healy@sedgwicklaw.com | |
| Wayne Wolff (Bar No.161351) | **MAY 0 7 2015** |
| wayne.wolff@sedgwicklaw.com | |
| 333 Bush Street, 30th Floor | JEFFREY E. LEWIS, CLERK OF COURT |
| San Francisco, CA 94104-2834 | SUPERIOR COURT OF THE STATE OF CALIFORNIA COUNTY OF KINGS |
| Telephone: 415.781.7900 | |
| Facsimile: 415.781.2635 | _____,DEPUTY |

Attorneys for Defendant
FERRING PHARMACEUTICALS, INC.

### SUPERIOR COURT OF THE STATE OF CALIFORNIA

### COUNTY OF KINGS

| | |
|---|---|
| LINDA GAY WHEAT, | **CASE NO. 14-C0274** |
| Plaintiff, | **ANSWER OF DEFENDANT FERRING PHARMACEUTICALS, INC. TO PLAINTIFF'S PRODUCT LIABILITY COMPLAINT** |
| v. | |
| FERRING PHARMACEUTICALS, INC., KENNY MAI, M.D. and DOES 1 TO 100 INCLUSIVE, | |
| | Complaint File: October 24, 2014 |
| Defendant. | |

FERRING PHARMACETUALS, INC. (hereinafter "Defendants") answers the Product Liability Complaint ("Complaint") of plaintiff LINDA GAY WHEAT as follows.

### GENERAL DENIAL

1.  Pursuant to California Code of Civil Procedure §431.30(d), Defendant denies each and every allegation and cause of action of the Complaint herein and the whole thereof which is directed against this Defendant, and further denies that Plaintiff has been or will be damaged in the sum or sums alleged or any sum whatsoever.

### FIRST AFFIRMATIVE DEFENSE

(Failure to State a Cause of Action)

2.  Defendant alleges that the Complaint and each and every alleged cause of action

Sedgwick...

therein fails to state facts sufficient to constitute any cause of action against this Defendant.

## SECOND AFFIRMATIVE DEFENSE

### (Statute of Limitations)

3.     Plaintiff's Complaint, and each of its purported claims, is barred by the applicable statute of limitations, including but not limited to, California Code of Civil Procedure sections 335.1, and 338(d).

## THIRD AFFIRMATIVE DEFENSE

### (Failure to Mitigate Damages)

4.     Plaintiff has failed to mitigate her damages, if any, and to the extent of such failure to mitigate, any damages should be reduced accordingly.

## FOURTH AFFIRMATIVE DEFENSE

### (No Duty of Care)

5.     Defendant alleges that it owed Plaintiff no duty of care because there was no privity of contract between them.

## FIFTH AFFIRMATIVE DEFENSE

### (Learned Intermediary Doctrine)

6.     Defendant alleges that it owed no duty to Plaintiff based on the Learned Intermediary Doctrine.

## SIXTH AFFIRMATIVE DEFENSE

### (Liability of Others/Comparative Fault)

7.     The damages allegedly sustained by Plaintiff, if any, were caused, in whole or in part, by the negligence or fault of others for which this Defendant is not liable or responsible.

## SEVENTH AFFIRMATIVE DEFENSE

### (Estoppel)

8.     By conduct, representations and omissions, Plaintiff is estopped to assert any claim for relief against this Defendant respecting the matters which are the subject of the Complaint.

## EIGHTH AFFIRMATIVE DEFENSE

### (Laches)

9.      Plaintiff's Complaint, and each purported claim therein, is barred by the equitable doctrine of laches.

## NINTH AFFIRMATIVE DEFENSE

### (Consent and Waiver)

10.      Plaintiff's claims are barred by the doctrine of consent, waiver, and ratification.

## TENTH AFFIRMATIVE DEFENSE

### (Plaintiff's Fault)

11.      Plaintiff's injury and damages, if any, were caused by Plaintiff's sole or comparative fault.

## ELEVENTH AFFIRMATIVE DEFENSE

### (Assumption of the Risk)

12.      Plaintiff had full knowledge and understanding of the risks attendant to the allegations in the Complaint.  Plaintiff voluntarily assumed the risks, and Plaintiff's assumption of those risks are the sole proximate cause of Plaintiff's alleged damages, if any.

## TWELFTH AFFIRMATIVE DEFENSE

### (Ambiguous and Uncertainty of Plaintiff's Pleading)

13.      Defendants cannot determine the intended scope of the Complaint's allegations due to the ambiguity and uncertainty of plaintiff's pleading.  Therefore, Defendants reserve the right to assert additional affirmative defenses upon clarity of the pleadings.

## THIRTEENTH AFFIRMATIVE DEFENSE

### (Intervening/Supervening Cause)

14.      The proximate cause of the damage suffered by Plaintiff, if any, was the superseding and intervening tortious misconduct of persons and entities other than this Defendant.

20126433v1

### FOURTEENTH AFFIRMATIVE DEFENSE

(Preexisting Medical Condition)

15.      Plaintiff's alleged injuries were caused by or exacerbated by a pre-existing medical condition which was not the result of Defendants' product(s) or conduct.

### FIFTEENTH AFFIRMATIVE DEFENSE

(Product Not Defective)

16.      The product(s) were not defective in that the design, manufacture, inspection, warning, labeling and sale of Defendants' product(s) were in conformity with the generally recognized state-of-the-art and scientific knowledge at the times alleged herein.

### SIXTEENTH AFFIRMATIVE DEFENSE

(Benefit Outweighs Risk of Danger, if Any)

17.      Defendant alleges that on balance, in light of the relevant factors, the benefits of the design/manufacture of the subject product(s) outweigh the risks of danger, if any, inherent in the design/manufacture.

### SEVENTEENTH AFFIRMATIVE DEFENSE

(Exception to Strict Liability)

18.      The product(s) complained of, fall within the exception to the strict liability doctrine pursuant to Restatement (Second) §402a, Comment K.

### EIGHTEENTH AFFIRMATIVE DEFENSE

(Non-Economic Losses)

19.      Defendant alleges that liability, if any, for non-economic loss be prorated according to the provisions of California Civil Code § 1431.2.

### NINETEENTH AFFIRMATIVE DEFENSE

(Additional Defenses)

20.      Defendants presently have insufficient knowledge or information upon which to form a belief as to whether it may have additional, yet unasserted, affirmative defenses to the Complaint.  Defendants reserve the right to assert additional affirmative defenses in the event

20126433v1

1    investigation and discovery indicate that it would be appropriate to do so.

2

**PRAYER**

3

4       WHEREFORE, this answering Defendant prays that Plaintiff take nothing by reason of

her Complaint; that this answering Defendant be awarded costs of suit herein and such other and

5

further relief as the Court deems just; that if this answering Defendant is found liable, the degree

6

of its responsibility and liability for the resulting damages can be determined and that this

7

answering Defendant be held liable only for that portion of the total damages in proportion to

8

their liability for the same.

9

DATED:  May 6, 2015                 SEDGWICK LLP

10

11

By: _Wayne A. Wolff_____

12                            Wayne A. Wolff

                            Attorneys for Defendant

13                             FERRING PHARMACEUTICALS, INC.

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

ANSWER TO COMPLAINT  CASE NO. 14-C0274

20126433v1

*Linda Gay Wheat v. Ferring Pharmaceuticals, Inc., et al.*
Kings County Superior Court No.: 14 C0274

## PROOF OF SERVICE

I am a resident of the State of California, over the age of eighteen years, and not a party to the within action. My business address is Sedgwick LLP, 333 Bush Street, 30th Floor, San Francisco, CA 94104-2834. On May 6, 2015, I served the within document(s):

**DEFENDANT FERRING PHARMACEUTICAL'S ANSWER TO PLAINTIFF'S PRODUCT LIABILITY COMPLAINT**

☑ MAIL - by placing the document(s) listed above in a sealed envelope with postage thereon fully prepaid, in the United States mail at San Francisco, California addressed as set forth below.

☐ ELECTRONIC – by electronically transmitting the document(s) listed above to the electronic notification address(es) of the addressee(s) listed below.

☐ OVERNIGHT COURIER - by placing the document(s) listed above in a sealed envelope with shipping prepaid, and depositing in a collection box for next day delivery to the person(s) at the address(es) set forth below via Federal Express.

| Jay M. Kelly, Esq.<br>Quinlan, Kershaw & Fanucchi LLP<br>2125 Merced Street<br>Fresno, CA 93721<br>T: 559-268-8771<br>F: 559-268-5701 | Attorneys for Plaintiff Linda Gay Wheat |
|---|---|

I am readily familiar with the firm's practice of collection and processing correspondence for mailing. Under that practice it would be deposited with the U.S. Postal Service on that same day with postage thereon fully prepaid in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

I declare under penalty of perjury under the laws of the State of California that the above is true and correct. Executed on May 6, 2015, at San Francisco, California.

Joanne M. Heffron Jones

1
PROOF OF SERVICE

Linda Gay Wheat v. Ferring Pharmaceuticals, Inc., et al.
USDC, Eastern District Case No.:        (Kings County Superior Court No.: 14 C0274)

## PROOF OF SERVICE

1 | I am a resident of the State of California, over the age of eighteen years, and not a party

2 | to the within action.  My business address is Sedgwick LLP, 333 Bush Street, 30th Floor, San

3 | Francisco, CA  94104-2834.  On May 8, 2015, I served the within document(s):

4 | **NOTICE OF REMOVAL OF ACTION BY DEFENDANT FERRING**
  | **PHARMACEUTICALS, INC. (EXHIBITS A – D ATTACHED)**

5 |

6 | ☑ | MAIL - by placing the document(s) listed above in a sealed envelope with postage
  | | thereon fully prepaid, in the United States mail at San Francisco, California
7 | | addressed as set forth below.

  | ☑ | ELECTRONIC FILING - by electronic transmission via the internet for
8 | | uploading onto the District Court ECF website/docket.

9 | | ELECTRONIC – by electronically transmitting the document(s) listed above to
  | | the electronic notification address(es) of the addressee(s) listed below.

10 | ☐ | OVERNIGHT COURIER - by placing the document(s) listed above in a sealed
   | | envelope with shipping prepaid, and depositing in a collection box for next day
11 | | delivery to the person(s) at the address(es) set forth below via Federal Express.

12 |

| Jay M. Kelly, Esq. | Attorneys for Plaintiff Linda Gay Wheat |
|---|---|
| Quinlan, Kershaw & Fanucchi LLP | |
| 2125 Merced Street | |
| Fresno, CA 93721 | |
| T: 559-268-8771 | |
| F: 559-268-5701 | |
| email: j.kelly@qkffirm.com | |

17 | I am readily familiar with the firm's practice of collection and processing correspondence

18 | for mailing.  Under that practice it would be deposited with the U.S. Postal Service on that same

19 | day with postage thereon fully prepaid in the ordinary course of business.  I am aware that on

   | motion of the party served, service is presumed invalid if postal cancellation date or postage
20 | meter date is more than one day after date of deposit for mailing in affidavit.

21 | I declare under penalty of perjury under the laws of the State of California that the above

   | is true and correct.  Executed on May 8, 2015, at San Francisco, California.
22 |

23 |

24 | Joanne M. Heffron Jones

25 |

26 |

27 |

28 |

1
PROOF OF SERVICE